Duane H. Sceper (CSB # 104004)
Attorney at Law
P.O. Box 1551
Hayfork, California 96041
Telephone: (619) 232-8917

Attorney for Plaintiff Edward M. Stefan

FILED
2008 AUG 14 PM 2:46
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. STEFAN,<br><br>Plaintiff,<br><br>v.<br><br>EL NORTENO TACO SHOP, DANIEL AMADOR, ANNIS FAMILY TRUST and DOES 1 THROUGH 10<br><br>Defendants. | CASE NO.: '08 CV 1486 LAB POR<br><br>**CIVIL COMPLAINT**<br><br>**<u>DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS</u>**<br>(ONE COUNT - VIOLATION OF AMERICAN WITH DISABILITIES ACT)<br>(ONE COUNT - VIOLATION OF CALIFORNIA CIVIL CODE)<br>[42 U.S.C. §§12182 (a) ET. SEQ; CALIFORNIA CIVIL CODE §§ 51, 52, 54, 54.1; CALIFORNIA HEALTH & SAFETY CODE §19995]<br><br>**<u>NEGLIGENCE PER SE</u>**<br>[CALIFORNIA CIVIL CODE §§ 2338, 3333; CALIFORNIA EVIDENCE CODE § 669(a)]<br><br>**DEMAND FOR JURY TRIAL**<br>[F.R.C.P. § 38 (b) ; Local Rule 38.1] |

Plaintiff, EDWARD M. STEFAN (hereinafter referred to as "Plaintiff"), files his cause of action against Defendants, EL NORTENO TACO SHOP, DANIEL AMADOR, ANNIS FAMILY TRUST and DOES 1 THROUGH 10, Inclusive, (hereinafter referred to as "Defendants") and alleges the following:

## I.

## <u>JURISDICTION AND VENUE</u>

1. This Court has original jurisdiction of this civil action pursuant to 28 USC §1331,

federal question jurisdiction, and the court's supplemental jurisdiction, 28 USC §1367. Jurisdiction is also based on the Americans with Disabilities Act ("ADA"), 42 USC §§12101 through 12111, 12181-12184 and 12201, et. seq.

2. Venue in this Court is proper pursuant to 28 USC §1391 (b) and (c).

3. Pursuant to 28 USC §1367 (a) Plaintiff shall assert all causes of action based on state law, as plead in this complaint, under the supplemental jurisdiction of the federal court. All the causes of action based on federal law and those based on state law, as herein stated, arose from a common nuclei of operative fact. That is, Plaintiff was denied equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws and/or was injured due to violations of federal and state access laws. The state actions of Plaintiff are so related to the federal actions that they form part of the same case or controversy. The actions would ordinarily be expected to be tried as one judicial proceeding.

**II.**

**THE PARTIES**

4. Defendant EL NORTENO TACO SHOP and DANIEL AMADOR are, and at all times mentioned herein were, an individual, a business or corporation or franchise of form presently unknown, organized and existing and/or doing business under the laws of the State of California. Defendant EL NORTENO TACO SHOP and DANIEL AMADOR are located at 1266 3rd Avenue, Chula Vista, CA (hereinafter "the subject property"). Plaintiff is informed and believes and thereon alleges that this Defendant is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property and/or the owner and/or operator of the subject facility located at the subject property.

5. Defendant ANNIS FAMILY TRUST is, and at all times mentioned herein was, an individual, a business or corporation or franchise of form presently unknown, organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant ANNIS FAMILY TRUST is, and at all times mentioned herein was, the owner, lessor or lessee of the subject property and/or the owner and/or operator of the public accommodation located at the subject property.

6. Defendants DOES 1 through 10 were at all times relevant herein subsidiaries, parent

companies, employers, employees, agents corporate officers, managers principals and/or representatives of the named Defendants. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities when ascertained. The named Defendants and DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

7. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representing partners, subsidiaries, parent companies, joint ventures and/or divisions of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein of each of the remaining Defendants.

8. Plaintiff is an otherwise qualified individual with a disability as provided in the Americans with Disabilities Act of 1990, 42 USC §12102, Part 5.5 of the California Health & Safety Code, the Unruh Civil Rights Act, California Civil Code, §§51, et. seq., §§52, et. seq., the California Disabled Persons Act, California Civil Code §§54, et. seq. and §55 and other statutory measures which refer to the protection of the rights of "physically disabled persons." and is a resident of the County of San Diego, State of California.

## III.

## FACTS

9. Plaintiff has a mobility impairment. Moreover, Plaintiff has had a history of or has been classified as having a physical impairment, as required by 42 USC §12102 (2) (A).

10. Defendants' facilities are public accommodations within the meaning of the Americans with Disabilities Act, California Civil Code §§51 et. seq. (Unruh Civil Rights Act), California Civil Code §§54 et. seq. (Disabled Persons Act), and California Health and Safety Code §§19955 et. seq.. Plaintiff is informed and believes and thereon alleges that Defendants have newly built or altered the subject property and/or the subject facility since 1971 within the meaning of California Health and

Safety Code §19959.

11. On or about May 15, 2008 and July 11, 2008, Plaintiff personally visited the public accommodation owned and operated by Defendants for the purpose of inquiring about and/or availing himself of the goods, services, facilities, privileges, advantages or accommodations operated and/or owned by Defendants.

12. Plaintiff was denied full and equal access to the facilities owned and/or operated by the Defendants because the property was inaccessible to members of the disabled community. Said denial of full and equal access occurred because of barriers which Plaintiff personally experienced which included, but are not limited to, lack of legally compliant disabled parking space, access aisle, signage and designated path of travel.

13. Plaintiff is informed and believes there are additional barriers to full and equal access, but because of the lack of legally compliant disabled parking spaces and other barriers identified in the preceding paragraph, which deterred Plaintiff from visiting or patronizing the facilities, it would have been a futile gesture to attempt further access to the facilities. Plaintiff is informed and believes and thereon alleges the facilities were in violation of the requirements of Title 24 of California's Building Code requirements, DOJ regulations and the ADAAG, and the spirit and intent of California Vehicle Code sections 22511.8, 22511.10 and 22511.11 in at least one or more of the following respects: inaccessible entrance, door hardware or incorrect door entry width clearance and/or opening force and/or missing kick plates; inaccessible service counters; non-compliant bathrooms; handrails, if required, do not exist or comply with requirements; inadequate or incorrect landing areas; inadequate or incorrect ramp and slope for access and incorrect threshhold at door and/or mats or unsafe carpeting; and other barriers which Plaintiff was not able to specifically observe because of the denial of access.

14. Plaintiff was also denied full and equal access because of discriminatory policies and practices regarding accommodating people with disabilities.

15. Plaintiff is informed and believes and thereon alleges that the subject facility has been newly constructed and/or underwent remodeling, repairs, or alterations since 1971, and that defendant has failed to comply with California and Federal access standards which applied at the time of each such new construction and/or alteration.

16. Defendants failed to remove architectural barriers as required by law which precluded Plaintiff from having full and equal access to Defendants' property.

17. As a result of Defendants' failure to remove architectural barriers, Plaintiff suffered injuries, as same are contemplated under the statutory measures which refer to the protection of the rights of "physically disabled persons.", for which Plaintiff is entitled to damages. Plaintiff does not allege a distinct physical injury as same is generally understood.

18. The wrongful conduct of Defendants, unless and until enjoined by order of this Court, will cause great and irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facility in violation of the ADA Accessibility Guidelines and/or California's Title 24 Building requirements, and/or other applicable Codes statutes and/or regulations.

19. Plaintiff alleges that Defendants will continue to operate a public accommodation which is inaccessible to him and to other individuals with disabilities.

20. Pursuant to 42 USC §12188(a), and 28 C.F.R. §36.304, Defendants are required to remove architectural barriers to their existing facilities.

21. Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately compensate him for the amount of harm suffered as a result of exclusion from participation in the economic and social life of this state.

22. Plaintiff believes that architectural barriers precluding him full and equal access to the public accommodation will continue to exist at his future visits, which will result in future discrimination of Plaintiff, in violation of the Americans with Disabilities Act. Plaintiff is currently being subjected to discrimination because Plaintiff cannot return to or make use of the facilities, goods and/or services offered by Defendants to the general public.

23. Plaintiff would return to the subject property for the purpose of inquiring about and/or availing himself of the goods, services, facilities, privileges, advantages or accommodations operated and/or owned by Defendants if the barriers were removed and there was full and equal access to individuals with disabilities.

24. Plaintiff seeks damages for each and every day that he was denied access to the subject

property or was deterred from attempting to attend the subject place of public accommodation because of continuing barriers to full and equal access.

## IV

## FIRST CLAIM FOR VIOLATION OF AMERICAN WITH DISABILITIES ACT 42 USC §12101, et. seq.

**(Against All Defendants)**

25. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though set forth fully hereat.

26. Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC §12182.(a). Plaintiff was therefore subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC §12188 as a result of the actions or inaction of Defendants.

27. Based on the facts plead hereinabove and elsewhere in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to Defendants' goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of Americans with Disability Act

28. Plaintiff intends to visit the Defendants' facility again in the immediate future. Plaintiff believes that architectural barriers precluding him from full and equal access of the public accommodation will continue to exist at his future visits, which will result in the future discrimination of Plaintiff, in violation of the Americans with Disabilities Act.

29. Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers to Defendants' public accommodation, and/or to modify their policies and practices regarding accommodating of people with disabilities. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

30. Plaintiff seeks injunctive relief to redress his injuries as provided in the federal statutory authority referenced hereinabove, requiring compliance with federal access laws for all access

///

violations which exist at the property, requiring removal of architectural barriers and other relief the court may deem proper.

31. Plaintiff seeks reasonable attorney fees and Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected to and/or will be subjected.

## V.

## SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE

**(Against All Defendants)**

32. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though set forth fully hereat.

33. Based on the facts plead hereinabove and elsewhere in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons, Defendants' goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code §§ 51, et. seq., §§52, et. seq. and §§54, et. seq..

34. Defendants' actions were and are a violation of Plaintiff's rights under the Americans with Disabilities Act and the Disabled Persons Act, California Civil Code §§54. et. seq.. Plaintiff is entitled to three times his actual damages with a minimum of $1,000.00 under California Civil Code §54.3 for each unintentional offense, as strict liability. The amount of damages suffered by Plaintiff is not yet determined . When the amount is ascertained, he will ask the Court for leave to amend this complaint to reflect this amount. Plaintiff is also entitled to attorney fees and costs.

35. The actions of Defendants were and are a violation of Plaintiff's rights under the Americans with Disabilities Act and in violation of the Unruh Civil Rights Act, California Civil Code §§51 et. seq.. Plaintiff is entitled to three times his actual damages with a minimum of $4,000.00 under California Civil Code §52 for each offense for which Defendants' actions were intentional. Plaintiff is informed and believes that the actions of Defendants were intentional or a violation of law so intuitive and obvious that it would be hard to believe that noncompliance could be other than

intentional. The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, he will ask the Court for leave to amend this complaint to reflect this amount. Plaintiff is also entitled to attorney fees and costs.

## VI.

## THIRD CLAIM FOR NEGLIGENCE PER SE

**(Against All Defendants)**

36. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35, inclusive, as though set forth fully hereat.

37. At all times relevant hereto, there was in effect the Americans with Disabilities Act, California Civil Code §§51 et. seq. (Unruh Civil Rights Act), California Civil Code §§54 et. seq. (Disabled Persons Act) and California Health and Safety Code §§19955 et. seq., all of which require that public accommodations and facilities provide services to people with disabilities that are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.

38. Defendants owed Plaintiff a mandatory statutory duty to make their facility accessible pursuant to, among other statutes and guidelines, ADA Accessibility Guidelines and Title 24 of the California Administrative Code and applicable Uniform Building Codes, as amended.

39. Plaintiff believes and thereon alleges that Defendants have failed to make their facilities accessible before and after remodeling, as required by California Government Code §4450 and California Health and Safety Code §19955.

40. Defendants owed Plaintiff a mandatory statutory duty to provide him full and equal access to accommodations, advantages, facilities, privileges and services of all business establishments. Plaintiff is a member of the class which these statutes are designed to protect. The aforementioned acts and omissions of Defendants constitute a denial of equal access to the use and enjoyment of the Defendants' facilities by people with disabilities.

41. Defendants' acts or omissions alleged herein are a violation of statutory requirements including, but not limited to, the Americans with Disabilities Act, California Civil Code §§51 et. seq. (Unruh Civil Rights Act), California Civil Code §§54 et. seq. (Disabled Persons Act) and California Health and Safety Code §§19955 et. seq., and public policy, and therefore constitutes negligence per se.

42. As a proximate result of the action or inaction of Defendants and each of them, Plaintiff suffered the harm these statutes are designed to prevent, to wit, exclusion from and/or from unequal access to goods, services and facilities provided by Defendants to the general public and deprivation of his civil rights. Plaintiff suffered injuries, as same are contemplated under the statutory measures which refer to the protection of the rights of "physically disabled persons.", for which Plaintiff is entitled to damages, but not a distinct physical injury as same is generally understood.

43. Plaintiff seeks special and general damages and statutory damages according to proof, as described more fully hereinabove.

## VII.

## JURY DEMAND

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. An order enjoining Defendants from violating the disabled access laws of the United States and directing Defendants to remove all architectural barriers at Defendants' public accommodations;
2. An order awarding Plaintiff three times the amount of actual, special and/or statutory damages for violation of his civil rights and for restitution, but no less than $1,000, for each day upon which the above-described barriers existed pursuant to the applicable California Civil Code Sections including, but not limited to §§52 and 54.3 for each and every offense of California Civil Code §§51 and 54 found to be an unintentional violation;
3. An order awarding Plaintiff three times the amount of actual, special and/or statutory damages for violation of his civil rights and for restitution, but no less than $4,000, for each and every offense of California Civil Code §51, found to be an intentional violation pursuant to the Unruh Civil Rights Act and Disabled Persons Act;
4. An award of special and general damages and statutory damages for negligence per se

according to proof;

5. An order awarding Plaintiff reasonable attorney fees and costs;

6. Such other and further relief as the Court deems proper.

Dated: Aug 7, 2008

Respectfully submitted,

Duane H. Sceper, Esq.
Attorney for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 2008 AUG 14 PM 2:45 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: DEPUTY

**I. (a) PLAINTIFFS**
EDWARD M. STEFAN

**DEFENDANTS**
EL NORTENO TACO SHOP, DANIEL AMADOR, ANNIS FAMILY TRUST and DOES 1 THROUGH 10

**(b)** County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DUANE H. SCEPER, ESQ. CSB 104004 - (619) 232-8917
P.O. Box 1551, Hayfork, CA 96041

Attorneys (If Known)
'08 CV 1486 LAB POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. 12101, et.seq., 42 U.S.C. 12181, et.seq., CA. Civil Code 51, 52, 54, 54.1, et.seq.

Brief description of cause:
ADA Violation - Discrimination against disabled person. Access denial including NO disabled parking.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $50,000.00 & Inj. Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 8/7/08

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 154054 AMOUNT $350.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

TB 08/14/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 154054 - MB

August 14, 2008
14:59:06

Civ Fil Non-Pris
USAO #.: 08CV1486 CIVIL FILING
Judge..: LARRY A BURNS
Amount.: $350.00 CK
Check#.: BC3077

Total-> $350.00

FROM: EDWARD M STEFAN VS
EL NORTENO TACO SHOP, ET AL